UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 3:00-CR-217 (EBB) |
| v. | |
| BEN F. ANDREWS | May 13, 2005 |

### UNITED STATES' MEMORANDUM IN OPPOSITION TO
### DEFENDANT ANDREWS' ORAL MOTION FOR RELEASE PENDING APPEAL

At a sentencing hearing on May 1, 2005, this Court imposed a sentence of 30 months of imprisonment upon the defendant, Ben F. Andrews. At the conclusion of that hearing, defense counsel orally moved for the defendant's release pending appeal, and the Government orally opposed that motion. The Court solicited simultaneous briefing from the parties on the matter.

For the reasons set forth hereinafter, the Government respectfully submits that the defendant has failed to meet his burden under 18 U.S.C. § 3143(b)(1), and, therefore, his motion for release pending appeal should be denied.

**I.      Facts and Procedural History**

On October 29, 2003, a trial jury returned guilty verdicts against the defendant on a number of charges, including bribery, mail/wire fraud, conspiracy to commit money laundering, and making false statements to federal agents. On April 1, 2005, the Court denied the defendant's motion for acquittal or new trial, holding (1) that the motion had not been timely filed and that the Court accordingly lacked jurisdiction to entertain it, and (2) in the alternative that each claim was meritless. *See* Ruling on Defendant's Motion for Judgment of Acquittal and Motion for New Trial ("Ruling") [doc. # 914].

On May 1, 2005, the Court held a sentencing hearing, at which it ordered the defendant to serve a term of 30 months of incarceration, to be followed by three years of supervised release,

and payment of a $100 special assessment. The Court deferred consideration of whether to impose a fine, in light of the incomplete financial information provided by the defendant up to that point. No judgment of conviction has therefore entered yet.

Since his indictment in October 2000, the defendant has been on release. At his sentencing hearing, defense counsel orally moved for the defendant to remain free on bond pending appeal. The Government orally opposed that motion, arguing that the defendant could not present any substantial question of law or fact within the meaning of 18 U.S.C. § 3143.

## II.     Governing Law

Under the Bail Reform Act of 1984, post-sentencing detention is mandatory unless a court finds that the defendant has made a number of showings under 18 U.S.C. § 3143(b)(1). The statute provides, in pertinent part:

> . . . the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for certiorari, be detained unless the judicial officer finds–
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentenced that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of

> the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (b)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

See *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). Thus, the defendant bears the burden of showing (1) by clear and convincing evidence that he is not a flight risk; (2) by clear and convincing evidence that he poses no danger to others or the community; (3) that any appeal he files is not for purpose of delay, and (4) that his appeal raises a substantial question of law or fact that is likely to result in reversal, a new trial, a sentence that does not include imprisonment, or a reduced sentence that (in this case) is less than the expected duration of the appeal process.

With respect to the merits of the appeal, § 3143(b)(1)(B) requires that the defendant show that his appeal raises a "substantial question of law or fact likely to result" in reversal (or other specified actions by the appellate court) "'on all counts on which imprisonment has been imposed.'" *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir.1985) (quoting *United States v. Miller,* 753 F.2d 19, 23 (3d Cir. 1985)) (emphasis added); *see also Morison v. United States*, 486 U.S. 1306, 1306-07 (1988) (Rehnquist, C.J., sitting as circuit justice) (citing *Bayko*). It is the defendant who bears the burden of persuasion for each element of § 3143(b). *Randell*, 761 F.2d at 125. Thus, the defendant must make such a showing with respect to the bribery, mail/wire fraud, money laundering, and false statement counts of conviction in order to qualify for release pending appeal.

A "substantial question" must be more than simply non-frivolous; it must be "'a "close" question or one that very well could be decided the other way.'" *Randell*, 761 F.2d at 125 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). It does not include questions that have "been decided by controlling precedent." *Randell*, 761 F.2d at 125.

Moreover, the phrase "likely to result" means that the alleged error must not be harmless or unprejudicial; that is, "'if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.'" *Bayko*, 774 F.2d 522 (quoting *Miller*, 753 F.2d at 23). Thus, if an alleged error would be disregarded under the harmless-error or plain-error standards of review, release pending appeal is not warranted.

### III. Discussion

For several reasons, the defendant has raised no substantial questions of law or fact likely to result in relief on appeal.

First, his claims for new trial are all jurisdictionally barred on appeal. As this Court held in its Ruling at 8-13, the defendant did not file his motion "within 7 days after the verdict or finding of guilty or within such further time as the court . . . fix[ed] during the 7-day period." Fed. R. Crim. P. 33. *See* Fed. R. Crim. P. 45(b) ( "the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated therein"); *United States v. Hall*, 214 F.3d 175, 177 (D.C. Cir. 2000); *United States v. Hocking*, 841 F.2d 735, 736 (7th Cir. 1988). The Second Circuit has held that these "time limits are jurisdictional," and thus if a motion is not timely filed, "the district court lacks power to consider it." *United States v. Dukes*, 727 F.2d 34, 38 (2d Cir. 1984). A challenge to this Court's jurisdictional determination would therefore fail in the Second Circuit, and hence would not present a "substantial question" of law or fact on appeal.

Moreover, the Second Circuit has squarely held that a defendant's untimely filing of a Rule 33 motion in a district court strips the Court of Appeals itself of jurisdiction to consider the merits of his underyling claims on appeal. "When a motion for a new trial is not timely . . . we lack jurisdiction to consider it." *United States v. McCarthy*, 271 F.3d 387, 399 (2d Cir. 2001); *see also United States v. Moreno*, 181 F.3d 206, 212 (2d Cir. 1999) ("Because this purported motion for a new trial was made far outside the seven-day time limit . . . it was untimely, and we lack jurisdiction to consider the defendants' argument on appeal."). In short, there is directly controlling precedent in the Second Circuit which forecloses all of the defendant's new trial claims on appeal.

Second, even assuming *arguendo* that the defendant had preserved each of his trial claims for appeal, none of them presents a "close question" that very well could be decided the other way." *See Rendell*, 761 F.2d at 125. The evidence on each count was more than sufficient to support the jury's verdict, and questions of witness credibility are peculiarly within the province of the jury. Unless the Court wishes more detailed briefing on these points, the Government respectfully relies on its responses [doc. #897 and doc. #906] to the defendant's motion for new trial and/or acquittal, and the Court's Ruling [doc. #914].

Third, the Government is not aware of any substantial questions of law or fact that could give rise to a sentencing appeal by the defendant. In connection with sentencing, the defendant expressly conceded the accuracy of the Court's guidelines calculation; hence any claim in that regard has been waived. The defendant further requested that the Court impose a sentence below the guideline range of 57-71 months which reflected the defendant's prior good works. The

Court agreed, and imposed a sentence of 30 months of imprisonment. Moreover, the Court carefully considered each of the factors outlined in 18 U.S.C. § 3553(a) when imposing sentence. Accordingly, the defendant cannot demonstrate the presence of a "close question" with respect to his sentencing.

### IV. Conclusion

The defendant cannot point to any substantial question of law or fact likely to result in relief on appeal on any single count, much less "on all counts on which imprisonment has been imposed." *Bayko*, 774 F.2d at 522. Accordingly, it is respectfully submitted that the defendant's motion for post-sentence release on bond should be denied.

Respectfully submitted,

JOHN H. DURHAM
ACTING UNITED STATES ATTORNEY

DAVID A. RING
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct14362

/s/ William J. Nardini

WILLIAM NARDINI
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct16012
157 Church Street, 23rd Floor
New Haven, CT  06510
Tel.: (203) 821-3748
Fax: (203) 773-5377
william.nardini@usdoj.gov

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent by fax this 13th of May, 2005 to:

        Jeremiah Donovan, Esquire
        Law Offices
        123 Elm Street, Unit 400
        Old Saybrook, Connecticut 06475


        _____
        WILLIAM J. NARDINI
        ASSISTANT UNITED STATES ATTORNEY