UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

May 17  4 29 PM '05

UNITED STATES OF AMERICA            Crim. No. 3:00-CR-217 (EBB)

v.

BEN F. ANDREWS                      May 17, 2005

## UNITED STATES' RESPONSE TO
## DEFENDANT ANDREWS' LETTER SUBMISSION WITH RESPECT TO FINE

On May 16, 2005, defendant Andrews submitted to this Court a letter with voluminous attachments, "seek[ing] to clarify questions arising at sentencing and in the presentence report concerning Mr. Andrews' financial condition." As explained below, the defendant's submission establishes primarily (1) that he is initiating litigation to recover approximately $325,000 from Brown Capital, and (2) that he has provided no accounting whatsoever for thousands of dollars withdrawn from his bank accounts since his indictment in late 2000. In light of these two facts, the Government respectfully submits that the record amply supports the defendant's ability to pay a substantial monetary fine.

First, the defendant has submitted a letter dated May 10, 2005, from Attorney Raymond J. Devlin. In that letter, Attorney Devlin states that the defendant has now instructed him to take action to collect "amounts which have been withheld from him" under the Brown Capital contract. According to Attorney Devlin, the defendant believes that he is entitled to another year of a "performance fee" based on the "gross management fees received by Brown Capital." According to Attorney Donovan's May 16 Letter, these performance fees "have ranged from about $240,000 to $300,000 per year" depending on the Brown Capital fund's performance. Although the precise figure allegedly owed is unknown, the defendant himself has estimated the

amount in dispute to be $325,000. *See* Letter of Attorney Donovan at 2 n.3 (citing Financial Affidavit filed by defendant Andrews). Accordingly, based on the defendant's own representation that he is entitled to recover hundreds of thousands of dollars in the future, there is a factual basis for the Court to find that he will have a future ability to pay a substantial monetary fine. *See, e.g., United States v. Salameh*, 261 F.3d 271, 276 (2d Cir. 2001) ("court may consider both defendant's present financial resources and those that may become available in the future"); *United States v. Thompson*, 227 F.3d 43, 45 (2d Cir. 2000) (future financial resources include earnings after the defendant's release from prison); *United States v. Wong*, 40 F.3d 1347, 1383 (2d Cir. 1994) (same). Moreover, based on the defendant's impressive prior earning history, there is every reason to believe that upon his release from prison, he will retain an ability to earn substantial sums.

Second, the defendant has attached a sheaf of bank statements, covering much of 2001 and some of 2002 and 2003, without any indexing or explanation of what those statements are supposed to demonstrate. The May 16 Letter states that these statements are offered in response to the Court's question of "Where did the money go?" Far from answering that question, the statements only inject more uncertainty. For example, a cursory examination of the statements covering 2001 reveal the following checks made payable either to "Cash" or to "Ben Andrews," without any indication of where the money went.

| Check date | Payee | Amount |
| --- | --- | --- |
| 4/16/01 | Cash | $85,000 |
| 6/11/01 | Ben Andrews | $2,000 |
| 6/25/01 | Ben Andrews | $1,500 |

| 8/15/01 | Ben Andrews | $5,000 |
|---------|-------------|--------|
| 8/19/01 | Ben Andrews | $5,000 |
| 8/22/01 | Ben Andrews | $2,500 |
| 8/27/01 | Ben Andrews | $3,000 |
| 9/6/01 | Ben Andrews | $1,500 |
| 9/14/01 | Ben Andrews | $7,000 |
| 10/1/01 | Ben Andrews | $2,000 |
| 10/16/01 | Cash | $3,000 |
| 11/19/01 | Ben Andrews | $5,000 |
| 12/5/01 | Cash | $19,250 |
| 12/6/01 | Cash | $3,000 |
| **TOTAL** | | **$144,750** |

(This list is far from comprehensive; for present illustrative purposes, the Government has omitted checks payable to cash or to the defendant which have some notation in the "memo" section which at least hint at -- but do not prove -- how those funds may have been spent.) In short, the incomplete bank records offered by the defendant himself reveal that he has not accounted for a substantial amount of his earnings which have been drawn off in the form of cash since his indictment in October 2000. Accordingly, the defendant has not satisfied his burden of proving an inability to pay a fine, see *Salameh*, 261 F.3d at 276.

In light of the foregoing, it would be entirely appropriate for this Court to impose a substantial fine, designed so that the defendant must disgorge the full $250,000 he received in

bogus "consulting" payments from the Landmark scheme. *See* 18 U.S.C. § 3572(a)(5) (requiring court to consider, *inter alia*, "the need to deprive the defendant of illegally obtained gains from the offense").

        Respectfully submitted,

        JOHN H. DURHAM
        ACTING UNITED STATES ATTORNEY

        DAVID A. RING
        ASSISTANT UNITED STATES ATTORNEY
        Fed. Bar No. ct14362

        WILLIAM J. NARDINI
        ASSISTANT UNITED STATES ATTORNEY
        Fed. Bar No. ct16012
        157 Church Street, 23rd Floor
        New Haven, CT 06510
        Tel.: (203) 821-3748
        Fax: (203) 773-5377
        william.nardini@usdoj.gov

## CERTIFICATION OF SERVICE

This is to certify that a copy of this Response was sent by mail this 17th of May 2005 to:

        Jeremiah Donovan, Esquire
        Law Offices
        123 Elm Street, Unit 400
        Old Saybrook, Connecticut 06475

        WILLIAM J. NARDINI
        ASSISTANT UNITED STATES ATTORNEY